MOTORISTS MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. BUCKEYE UNION CASUALTY COMPANY, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5953. Decided March 24, 1959.

Lane, Huggard & Alton, Columbus, for plaintiff-appellant.
Joseph M. Thatcher, Columbus, for defendant-appellee.

## OPINION

By DUFFY, J.

This case was submitted to the trial court upon a statement of stipulated facts, which stipulation was as follows:

"1. The Defendant, Buckeye Union Casualty Company, carried a policy of liability insurance on the Columbus Motor Car Co., which is attached, on the dates in question.

"2. The Plaintiff, Motorists Mutual Insurance Company, carried a policy of liability insurance on a 1950 Renault Sedan on the dates in question which was issued to Richard C. Bull.

"3. On July 15, 1954, Richard C. Bull was driving west on Broad Street in Bexley, Ohio, and struck the rear of a vehicle owned by John I. Ireland as it was stopped headed west at the intersection of Parkview and Broad Streets.

"4. At the date of said accident, the owner of said 1950 Renault Sedan listed on the Certificate of Title for said vehicle, was the Columbus Motor Car Co. Richard C. Bull signed the application to transfer said title to him on July 16, 1954, and on July 17, 1954, a Title for said vehicle was issued to Richard C. Bull.

"5. Claim was made by John I. Ireland upon Plaintiff, Motorists Mutual Insurance Company, which in turn demanded that said claim be paid by Defendant, Buckeye Union Casualty Co. Buckeye Union Casualty Co. refused to pay said claim and said claim, amounting to $188.84, was paid by Plaintiff, Motorists Mutual Insurance Company. Plaintiff has demanded that said sum be paid to it by Defendant, which was refused.

"6. The reasonable adjustment expense of Plaintiff was $38.00.

"7. Copies of each policy are attached hereto."

The trial court was requested to make separate findings of fact and conclusions of law, and his findings of fact were as follows:

"1. The court adopts the stipulation of facts by the parties as its finding as to the facts covered thereby.

"2. The court further finds that the plaintiff and defendant were co-insurers and each independently liable for its proportionate share of the loss.

"3. The plaintiff paid the entire loss and became a volunteer as to its payment of defendant's share of the liability."

The following were his conclusions of law:

"Having paid a claim that it was not obligated to pay, the plaintiff is not entitled to contribution from the defendant.

"**Farm Bureau Mutual Automobile Insurance Co. v. The Buckeye Union Casualty Co., 147 Oh St 79**, applied and followed.

"Aetna Casualty and Surety Co. v. Buckeye Union Casualty Co., 157 Oh St 385, does not apply."

The trial court thereupon entered judgment for the defendant, The Buckeye Union Casualty Company, and later overruled a motion for a new trial. Plaintiff appealed from the judgment of the Municipal Court to this court on questions of law and fact. The appeal on questions of fact having been dismissed, this court retained the case on the questions of law.

It is the plaintiff-appellant's position that the policy of insurance issued by them to Richard C. Bull was excess insurance in view of the fact that title to the automobile had not passed to Mr. Bull and that they were secondarily liable to Mr. Ireland for his damage. Plaintiff-appellant contends that since they were only secondarily liable to Mr. Ireland, they are entitled to reimbursement for the payment of the damage plus necessary expenses in making the settlement, from the defendant-appellee. Defendant contends that the policy issued to Richard C. Bull by the plaintiff was not excess insurance, and the title to the automobile did not have anything to do with the coverage of the policy issued by plaintiff under the facts of this case; that the question presented was not one of primary and secondary insurance but rather one of contributing insurance, with the plaintiff being in the position of a volunteer as to that portion of that claim which it paid in excess of its policy coverage and not entitled to any contribution from other insurers.

The policy of the defendant-appellee states in Condition 15:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

Condition 18 of the policy issued to Richard C. Bull by the plaintiff-appellant contains the following:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to temporary substitute automobiles under Insuring Agreement IV or other automobiles under Insuring Agreement V shall be excess insurance under any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to said automobiles or otherwise."

It was noted that the provisions of the respective policies were somewhat identical and did leave for the trial court to decide whether or not the policy of insurance issued by plaintiff to Richard C. Bull was excess insurance in view of the fact that title to the automobile had not passed to Mr. Bull. However, the trial court came to the conclusion that title was not important inasmuch as the policy was issued for that specific automobile which Mr. Bull was driving at the time of the accident, and

for that reason the case of **Farm Bureau Mutual Automobile Insurance Company v. The Buckeye Union Casualty Company, 147 Oh St 79**, set forth the rule of law which should be applied and followed in this case. The Supreme Court, in the last syllabus, had the following to say:

"If the policy of each of several insurers limits its liability to such proportion of a loss as the amount insured by such insurer bears to the total applicable limit of liability of all valid and collectible insurance against such loss, the payment by one insurer of more than its proportion of a loss creates no right to contribution from the other insurers"

That appears to be the situation in this case, and the judgment of the trial court should be affirmed.

BRYANT, PJ, MILLER, J, concur.